# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WARREN YOUMANS

             Plaintiff,

    v.

MICHAEL J. ASTRUE
Commissioner of Social Security

             Defendant.

No. 11-cv-628 (RMC) (AK)

## MEMORANDUM ORDER

This case was referred to the undersigned for full case management [14].  Pending before

the Court are Plaintiff's Motion for a Judgment of Reversal [9] and Defendant's Motion for a

Judgment on the Pleadings [11].  For the reasons set forth below, Plaintiff's Motion will be

denied and Defendant's Motion will be granted.

## I.  BACKGROUND

In September 2006, Plaintiff filed applications for Disability Insurance Benefits under

Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, and for Supplemental Security

Income Benefits, under Title II of the Act, 42 U.S.C. §§ 1381-1383f.  (Pl.'s Mem. in Support of

Pl.'s Mot. for Judgment of Reversal ("Pl.'s Mem.") [9-1] at 1-2; Def.'s Mem. in Support of

Def.'s Mot. for Judgment of Affirmance ("Def.'s Mem.") at 2-3.)  Plaintiff's claims were

denied, and the denial was upheld at a hearing before a Hearing Officer on August 31, 2009.

(Social Security Administration's Amended Decision ("Decision") at 1.)

   The Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments of

chronic obstructive pulmonary disease, chronic bronchitis and hypertension.  (Pl.'s Mem. at 3.)

At the hearing, the ALJ heard testimony from Plaintiff, and considered the medical evidence on

the record.  (*See* Decision at 4-9.)  The ALJ cites a number of doctors who treated or assessed

Plaintiff, including: (1) Dr. Kevin Brown in May and July 2006; (2) Dr. John Hayden in April

2007; (3) Dr. Lisa Klohn in May 2007; (4) Dr. Robert Kukla in August 2007; (5) Dr. Desse

Zelleke Kassahun in April 2009; and (6) Dr. Crystal Allen in August 2009.  (Decision at 6-8.  *See*

*also* Tr. at 267-401.)  Each of the doctors offered an opinion about Plaintiff's disability except

for Dr. Hayden, who only diagnosed and treated Plaintiff.  (Decision at 6-8.)

   After having heard Plaintiff's testimony about his medical problems and how they affect

his day-to-day activities as well as his capacity to perform certain tasks, the ALJ weighed the

doctors' competing opinions.  (*Id.* at 5-8.)  In his Decision, the ALJ gave great weight to the

opinions of Drs. Klohn and Kukla and little weight to the opinions of Drs. Brown, Kassahun and

Allen.  (*Id.* at 7-8.)  The ALJ found that Plaintiff has the following abilities:

> [Plaintiff can] perform less than a full range of light work, as defined in 20 CFR
> 404.1567(b) and 416.967(b).  He can lift up to 10 pounds frequently and 20
> pounds occasionally.  The claimant can walk/stand with normal breaks for ten
> minutes at a time for up to 6 hours in an 8 hour workday.  He can occasionally
> climb, balance, bend, stoop, kneel, crouch, squat, and crawl.  The claimant must
> avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, and
> hazards, such as moving machinery or unprotected heights.  (*Id.* at 4-5.)

Based on this finding, a vocational expert testified at the hearing that Plaintiff could

perform the requirements of 35% of the unskilled, light jobs and 50% of unskilled, sedentary jobs

in the national economy.  (*Id.* at 9.)  Such jobs included an inspector, a packer/packaging worker,

a finish machine tender and a quality control worker.  (*Id.*)  Accordingly, Plaintiff was

determined to be not disabled and was denied benefits.  (*Id.* at 10.)  Plaintiff filed an appeal in

this Court on March 28, 2011.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), gives federal courts jurisdiction to hear a

challenge to a final decision of the Commissioner of Social Security.  *Pinkney v. Astrue*, 675 F.

Supp. 2d. 9, 14 (D.D.C., 2009).  The district court reviews whether the decision is "supported by

substantial evidence" and whether the correct legal standards were applied.  42 U.S.C. § 405(g);

*Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004).  Substantial evidence is "more than a

mere scintilla, [it is] such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971).

The Social Security Administration has established a five-step procedure for determining

whether a claimant is entitled to disability benefits.  20 C.F.R. § 404.1520(a).  First, the claimant

must demonstrate that she is not engaged in "substantial gainful" employment.  § 404.1520(b).

At the second step, the claimant must establish that she has severe physical or mental impairment

which "specifically limits [her] . . . ability to do basic work activities."  § 404.1520(c).  At step

three, the ALJ determines whether the claimant's impairment "meets or equals" an impairment

listed in the regulations, if so, a disabled finding must be made.  § 404.1520(d).  If not, the ALJ

assesses the claimant's residual functional capacity ("RFC").  § 404.1520(e).

The RFC reflects "what an individual can still do despite his or her limitations."  *Ross v.*

*Astrue*, 636 F. Supp. 2d 127, 132 (D.D.C. 2009).  At the fourth step, the claimant must show that

based on the RFC, the claimant cannot perform the demands of the claimant's past relevant

work.  § 404.1520(f).  At the fifth step, the burden shifts to the Commissioner to demonstrate that

the claimant cannot perform "other work" based on a consideration of the claimant's RFC, age,

education, work experience.  § 404.1520(g); *see Butler v. Barnhart*, 353 F.3d 992, 997 (D.C. Cir.

2004).


## III.  ANALYSIS

In his Motion for a Judgment of Reversal, Plaintiff argues that the ALJ made an incorrect

assessment of Plaintiff's RFC.  (Pl.'s Mem. at 3-4.)  Specifically, Plaintiff asserts that the ALJ

did not properly evaluate Plaintiff's environmental limitations.  (*Id.* at 7.)  Plaintiff also argues

that the ALJ improperly substituted his own opinion for the opinions of medical experts in his

determination of the RFC.  (*Id.* at 9.)

Plaintiff does not challenge the ALJ's other findings, including:

•    Plaintiff is not engaged in substantial gainful activity.  (*See* § 404.1520(b)).

•    Plaintiff has severe impairments of chronic obstructive pulmonary disease/chronic
     bronchitis and hypertension.  (*See* 20 C.F.R. § 404.1520(c)).

•    The claimant does not have an impairment that meets or equals an impairment
     listed in the regulations.  (*See* 20 C.F.R. § 404.1520(d)).

•    That the claimant is unable to perform any past relevant work based on the ALJ's
     determination of Plaintiff's RFC.  (*See* 20 C.F.R. § 404.1520(f)).

•    Assuming that the ALJ's determination of Plaintiff's RFC is correct, jobs exist in
     significant numbers in the national economy that the claimant can perform, given
     his age, education, work experience and RFC.  (*See* 20 C.F.R. § 404.1520(g)).

### A.  Plaintiff's Environmental Limitations

The ALJ found that, as part of Plaintiff's RFC, Plaintiff "must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, and hazards, such as moving machinery or unprotected heights." (Decision at 5.)  Plaintiff argues that the ALJ "failed to explain why he did not include more substantial environmental limitations in his residual functional capacity assessment." (Pl.'s Mem. at 7.)  The only specific reference in the ALJ's Decision to environmental limitations is in the discussion of Dr. Crystal Allen's findings.  (Decision at 7-8.)  Dr. Allen examined Plaintiff in April 2009, and in her report, she indicated that Plaintiff should "avoid all exposure" to extreme cold, extreme heat, wetness, humidity, fumes, odors, dust, poor ventilation, etc., and hazards such as machinery and heights.  (Tr. 389.)[1]

The ALJ affords "little weight" to Dr. Allen's opinion because "it is inconsistent with the record as a whole, and is not supported by substantial evidence." (*Id.* at 8.)  The ALJ states that Dr. Allen's assessment "directly contradicts several statements made by the claimant about his limitations during the hearing." (*Id.*)  The ALJ includes one example, noting that Plaintiff testified he has no problems reaching overhead or pushing/pulling, whereas Dr. Allen found

---

[1]In Plaintiff's Motion for Reversal, Plaintiff describes Dr. Allen as "Plaintiff's treating physician," though Plaintiff cites no evidence in support of this statement.  (Pl.'s Mem. at 7.)  If Dr. Allen were Plaintiff's "treating physician," the ALJ would be required to give her report "substantial weight" and provide an explanation for any disagreements with Dr. Allen's opinions. *Jones v. Astrue*, 647 F.3d 350, 356 (D.C. Cir. 2011); *Williams v. Shalala*, 997 F. 2d 1494, 1498 (D.C. Cir. 1993).  Dr. Allen, however, is not Plaintiff's "treating physician" and thus her opinions are given no greater weight than those of other doctors.  Dr. Allen created a report for Plaintiff entitled, "Medical Opinion re: Ability to Perform Work-Related Activities." (Tr. at 387-90.)  Dr. Allen only examined Plaintiff one time, over two years after Plaintiff filed for benefits, and never prescribed any treatment for Plaintiff.  *Cf. Butler v. Barnhart*, 994-96, 1003 ("treating physician" had examined Plaintiff at least six times, had prescribed treatments for Plaintiff and referred Plaintiff to specialist); *Williams*, 997 F. 2d at 1498 (psychiatrist diagnosed Plaintiff and met with Plaintiff for many years and thus was "treating physician").

Plaintiff "was limited in his ability to reach (including overhead) and push/pull." (*Id.* at 7-8.)
This example is substantial evidence to support the ALJ's decision to give "little weight" to Dr.
Allen's opinion.

Although no doctor offered a contrasting opinion to Dr. Allen, the ALJ includes other
evidence that adequately supports his finding that Plaintiff must only avoid "concentrated
exposure" to various environmental hazards. (*Id.* at 5.) Plaintiff points to what he terms
"significant pulmonary problems" as evidence that he should be protected from all environmental
limitations. (Pl.'s Mem. at 6.) The ALJ, however, notes that "with the exception of audible
wheezing, each physical examination [of Plaintiff] has yielded normal results." (Decision at 7.)
The ALJ highlights that none of the physicians who examined Plaintiff prescribed treatment
more serious than a prescription inhaler. (*Id.* at 8.) Plaintiff was referred to a pulmonary
specialist, but he did not see a specialist, because, according to Plaintiff, he could not afford it.
(*Id.* at 6.)

Furthermore, in the section of Dr. Kukla's report of the Plaintiff listing "environmental
limitations," Dr. Kukla marked "none established." (Tr. at 359.) The ALJ states that he gives
"significant weight" to Dr. Kukla's opinion because it "is consistent with the record as a whole
and is supported by substantial evidence." (*Id.*) This is adequate evidence for a reasonable mind
to support the ALJ's conclusion, *see Richardson,* 402 U.S. at 401, and the ALJ's determination
that Plaintiff must avoid "concentrated exposure" to environmental limitations will be upheld.

### B. Substituting Hearing Officer's Opinion for that of Medical Experts

Plaintiff's second argument is that the Hearing Officer "improperly substituted his own
opinion for the opinions of medical experts" because the Hearing Officer used the conservative

treatment prescribed for Plaintiff as evidence supporting a less restrictive RFC for Plaintiff. (Pl.'s Mem. at 9-10.)  The ALJ stated that Plaintiff's "conservative treatment is also inconsistent with his allegations of total disability" and cited three pieces of evidence to support that finding: (1) Plaintiff only sought treatment from a physician five times in the three years prior to the hearing; (2) no doctor has prescribed more extensive treatment than a prescription inhaler; and (3) Plaintiff admitted to not taking medications or seeking follow-up treatment.  (Decision at 6-7.)

Plaintiff cites *Shaw v. Apfel*, 221 F.3d 126 (2d Cir. 2000) in support of his argument.  In that case, Dr. Cassavan had treated the plaintiff for over seven years, and "the bulk of the record" came from his medical assessments.  *Id.* at 134.  Dr. Cassavan concluded that the plaintiff was totally disabled, but the district court ruled against the plaintiff, noting that Dr. Cassavan had only prescribed conservative treatment for the plaintiff rather than surgery.  *Id.* at 130, 134.  The Second Circuit reversed the district court, stating that the district court improperly went against the opinion of Dr. Cassavan, a treating physician, without proper evidence.  *Id.* at 134.

As noted above in footnote 1, an ALJ is required to give the report of a claimant's "treating physician" "substantial weight" and provide an explanation for any disagreements with the treating physician's opinions.  *Jones v. Astrue*, 647 F.3d 350, 356 (D.C. Cir. 2011); *Williams v. Shalala*, 997 F. 2d 1494, 1498 (D.C. Cir. 1993); *see also Shaw*, 221 F.3d at 134 ("the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence).

This case is different from *Shaw* because Mr. Youmans did not have a treating physician. In *Shaw*, Dr. Cassavan treated the plaintiff for over seven years and "had made medical

observations far more extensive than those of any other consulting physician." *Shaw*, 221 F.3d at 134.  In this case, Mr. Youmans was treated by many different physicians on a sporadic basis and the physicians gave differing views on the extent of Mr. Youmans' disability and his ability to engage in gainful activity.  (Decision at 6-8.)

Plaintiff's claim that the ALJ substituted his own medical opinion for the opinions of medical experts is not persuasive.  There was no treating physician in this case on whom the ALJ could rely and to whom the ALJ was required to give deference.  Instead, the ALJ had to choose between conflicting medical opinions about the extent of Plaintiff's disabilities.  *See Turner v. Astrue*, 390 Fed. Appx. 581, 584-85 (7th Cir. 2010) (ALJ did not substitute his opinion for that of medical experts where doctors' opinions conflicted regarding MRI).  Dr. Kukla and Dr. Klohn had opinions that supported the ALJ's findings.  (*See* Decision at 7.)  Plaintiff's medical history and prescribed treatment were among the factors that the ALJ considered to come to his conclusion, but were not the sole evidence on which the ALJ based his opinion.  The ALJ did not substitute his own medical opinion for that of medical experts.

For the preceding reasons, Plaintiff's Motion for a Judgment of Reversal will be denied and Defendant's Motion for a Judgment on the Pleadings will be granted.  A separate order will accompany this opinion.

Date: April 24, 2012                              /s/                              
ALAN KAY
UNITED STATES MAGISTRATE JUDGE